IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASHLEY W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner, Social Security <br> Administration, <br><br> Defendant. | Case No. 3:20-cv-00823-JR <br><br> OPINION & ORDER |

RUSSO, Magistrate Judge:

Plaintiff Ashley W. sought judicial review of the Commissioner of Social Security's denial of plaintiff's application for child's disability and supplemental security income benefits pursuant to the Social Security Act. Plaintiff asserted the ALJ erred in assessing the medical opinion evidence of Nurse Practitioner Stacy Hartline and failed to establish that a significant number of jobs existed in the national economy that plaintiff could perform.

The Court found the ALJ did not err in the analysis of Nurse Hartline's assessment of plaintiff's need for frequent breaks. However, the Court also determined:

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION & ORDER

> Nonetheless, because plaintiff's work record does not include full-time work, the Court is unable to determine whether the ALJ erred in her conclusions about plaintiff's disability status and ability to work. Because this case is remanded on other grounds, the parties may revisit Nurse Hartline's opinion upon remand if appropriate.

Opinion & Order (ECF 34) at p. 10.

The Court additionally determined the ALJ erred in failing to consider plaintiff's rebuttal evidence to the vocational expert's testimony which was submitted after the hearing.

Plaintiff now moves for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Government argues the motion should be denied because its position was substantially justified.

Under the EAJA, the court "shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless [the court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir.2013). "It is the government's burden to show that its position was substantially justified." Meier, 727 F.3d at 870 (citing Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir.2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce, 487 U.S. at 565).

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must ascertain whether plaintiff is a prevailing party. See, e.g., Flores v. Shalala, 49 F.3d 562, 567 (9th Cir.1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation.

Meier, at 870. Because neither party contests that plaintiff is a prevailing party, plaintiff's entitlement to attorney fees hinges on whether the Commissioner's position was substantially justified in the underlying agency action and throughout litigation. It is an unusual case where the government's position is substantially justified under the EAJA despite reversal of the government's decision as lacking reasonable, substantial, and probative evidence. Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005).

The Government asserts that based on the Ninth Circuit's instruction that a claimant waives any challenge to job numbers unless the claimant raises the issue "in the general sense before the ALJ," Shaibi v. Berryhill, 883 F.3d 1102, 1110 (9th Cir. 2017), that it was justified in determining plaintiff waived any challenge by submitting the argument in a post-hearing brief. However, in Shaibi, the Ninth Circuit specifically noted,

> We recognize that a claimant will rarely, if ever, be in a position to anticipate the particular occupations a VE might list and the corresponding job numbers to which a VE might testify at a hearing. We do not suggest that a claimant must, within minutes of a VE's initial testimony, cross-examine a VE with specific alternative job calculations based on the CBP, OOH, or other published sources. It is enough to raise the job-numbers issue in a general sense before the ALJ. A claimant may do so by inquiring as to the evidentiary basis for a VE's estimated job numbers, or inquiring as to whether those numbers are consistent with the CBP, OOH, or other sources listed in 20 C.F.R. § 404.1566(d). If that is done, an ALJ, on request, ordinarily would permit the claimant to submit supplemental briefing or interrogatories contrasting the VE's specific job estimates with estimates of the claimant's own. See Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 451 (2d Cir. 2012). If the ALJ declines to do so, a claimant may raise new evidence casting doubt on a VE's job estimates before the Appeals Council, provided that evidence is both relevant and "relates to the period on or before the ALJ's decision." See Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012).

Id.

That a claimant may not recognize the job numbers issue at the hearing itself is strongly implied in Shaibi, and by submitting the post-hearing brief, plaintiff's counsel thus requested the

Page 3 – OPINION & ORDER

ALJ consider his own job numbers estimates. The error was not in finding a waiver. The ALJ did not state that he declined to allow the submission and thus its consideration. The ALJ erred by failing to address the brief altogether. The Government's interpretation of waiver is lacking in both factual and legal support.[2] Accordingly, the Commissioner's position was not substantially justified in the underlying agency action and throughout litigation.

The Government also asserts plaintiff's counsel's fee request should be reduced for time spent on the unsuccessful argument regarding Nurse Hartline.

The EAJA specifically provides for an award of "reasonable" attorney fees. 28 U.S.C. 2412(d)(2)(A). In determining reasonable attorney fees, the Court uses the "lodestar" method in which the number of hours reasonably expended on the litigation are multiplied by a reasonable hourly rate. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990) ("once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in Hensley"). "'[E]xcessive, redundant, or otherwise unnecessary' hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government." Kirk v. Berryhill, 244 F.Supp.3d 1077, 1082 (E.D. Cal. 2017) (quoting Hensley, 461 U.S. at 434).

---

[2] The Government asserts a "string of successes in similar cases" as indicia of the reasonableness of its position. However, the government's primary cite, Ford v. Saul, 950 F.3d 1141, 1160 (9th Cir. 2020) merely notes that a claimant may request permission to submit supplemental briefing or, if the ALJ denies this request, may raise new evidence before the Appeals Council. The government does not provide a "string of successes" regarding an ALJ's failure to address argument that can only be raised after the hearing testimony but is asserted prior to issuing a decision.

The Court may reduce the fee request for amounts spent on unsuccessful claims. See, e.g., Bathrick v. Astrue, 2015 WL 3870268, at *7 (D. Conn. June 23, 2015) (Where social security plaintiff achieved only partial or limited success, payment of the entire fee may be an excessive amount.). However, despite finding no error with regard to the ALJ's treatment of Nurse Hartline's assessment, the Court has permitted a revisitation of that opinion upon remand. Accordingly, an award of fees for counsel's work on that issue is appropriate. See Maerkel v. Comm'r of Soc. Sec., 2020 WL 57526, at *2 (D. Conn. Jan. 6, 2020) (Despite narrow assignment of errors justifying remand, the court's remand order instructed the ALJ to address the other concerns raised by plaintiff in her briefing thus removing the arguments from the unsuccessful category). Accordingly, the Court declines to reduce any time spent on unsuccessful issues. The remaining time spent on the case by plaintiff's counsel was reasonable as was plaintiff's hourly rate.[3] Plaintiff seeks $9,308.93 for 42.4 hours of work at rates ranging from $207.78 to $213.74 per hour. The Court awards plaintiff fees in the amount of $9,308.93.

## CONCLUSION

Plaintiff's petition for fees (ECF 37) is granted. Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, it is hereby ordered that EAJA attorney's fees of $9,308.93 shall be awarded to plaintiff. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, as discussed in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), then the check for EAJA fees shall be made payable to plaintiff's attorney in the amount noted above, or in an amount representing the remaining funds after any

---

[3] The requested rates are consistent with the "statutory maximum rates" under the EAJA. See, e.g., UNITED STATES COURTS FOR THE NINTH CIRCUIT, STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT. https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

offset if applicable. Any check for EAJA fees shall be mailed to plaintiff's counsel at: 825 NE 20TH Ave., Suite 330, Portland OR 97232.

DATED this 24th day of February, 2022.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge
